IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JOHN FLETCHER, III,

    Plaintiff,

V.                                CIVIL ACTION NO. 3:08-0069

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings and plaintiff's motion to remand.

Plaintiff filed his applications on November 16, 2004, alleging disability commencing April 13, 2004, as a consequence of a crushed disc. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-two years of age and had obtained a high school education. His past relevant employment experience consisted of work as a truck driver. In his decision, the administrative law judge determined that plaintiff suffers from

degenerative disc disease of the lumbar spine and obesity, impairments he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff asserts that the administrative law judge made a faulty pain and credibility assessment. The regulations describe a two-step process for evaluating symptoms.[3] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[4] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[5] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in this analysis, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

---

[1]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[4] Id.

[5] Id.

Examination of the record in this case establishes that the administrative law judge found that plaintiff's credibility as a witness was only fair. The administrative law judge made this credibility determination after having the opportunity to observe the plaintiff during his testimony and after considering the relevant factors listed in SSR 96-7p.[6] In considering these factors, the administrative law judge noted that plaintiff is able to care for his personal needs, pick his children up from school, check on his parents, pick up around the house, and go shopping with his wife. His pain was constant in his lower back and radiated down into his right leg. He takes pain medication that helps to ease the pain. He attempted physical therapy, but did not cooperate and the therapist said that he put forth "submaximal effort" and had a "minor degree of symptom magnification." The administrative law judge also noted that plaintiff testified that he lies down twice a day for forty-five minutes at a time.

After considering the relevant factors in light of this evidence, the administrative law judge found plaintiff's allegations of disabling pain to be excessive. He noted that while he "undoubtedly suffers from a certain degree of discomfort and pain due to his low back condition, the evidence does not support the degree of limitation he alleges." Account was also taken of the fact that plaintiff did not cooperate with his physical therapy regimen and did not do his home exercises. Finally, the administrative law judge observed that plaintiff did not require a TENS unit or wear any type of brace or support, and he was being maintained on conservative medicinal therapy since being released from the care of his neurosurgeon. Based on the foregoing, it is clear that the appropriate

---

[6] See also 20 C.F.R. §§ 404.1529 and 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Plaintiff also asserts that the evidence presented by the vocational expert was not sufficient to establish that he is capable of performing other work. Plaintiff states that because the expert testified that light work is generally performed by standing for eight hours and that sedentary work is generally performed by sitting for eight hours, plaintiff is incapable of either job category because the state agency physicians did not indicate that he could sit or stand for that amount of time. Examination of the evidence indicates otherwise, however. The administrative law judge specifically applied a sit-stand option at half hour intervals, and the vocational expert found that with this limitation there would be a reduced range of jobs at both the sedentary and light levels of exertion. The sit-stand option would allow plaintiff to either sit or stand and would not require him to do either for the entire eight hour workday. Based on the foregoing, it is clear that substantial evidence supports the Commissioner's finding on this issue.

Lastly, plaintiff asserts that even if he was not still disabled at the time of the hearing, he was clearly disabled for a period of more than twelve months, entitling him to a closed period of disability benefits. In support of this argument, plaintiff cites to evidence that shows he did not undergo surgery on his back until a year after his injury and that a month later he was still recovering. The evidence cited by plaintiff, however, does not establish an inability to work for a continuous period of twelve months.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by

4

substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

        ENTER:   September 30, 2009

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE